# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE CHICK, | CASE NO. 1:11-cv-01447-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| B.A. LACEY, et al., | |
| Defendants. | Doc. 1 |
| | THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On August 29, 2011, Plaintiff Wayne Chick ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Plaintiff's Complaint

In Plaintiff's complaint, he names defendants B.A. Lacey, Correctional Officer; D. Wattle; J. Kavanaugh, Lieutenant; P. Quinn, Associate Warden; and Sgt. Tweedy, who were employed at Sierra Conservation Center ("Sierra"), and Heidi M. Lackner, (A) and D. Foston, Inmate Appeals Chief, who were employed for California Department of Corrections and Rehabilitation ("CDCR").

Compl at 1-3, Doc. 1.

On September 7, 2010, September 9, 2010, September 11, 2010, September 13, 2010, September 20, 2010, September 23, 2010, September 30, 2010, October 8, 2010, and October 24, 2010, defendants D. Wattle and B.A. Lacey submitted Plaintiff to cruel and unusual punishment in the form of continuous cell searches, arbitrary confiscation and destruction of Plaintiff's personal property, harassment, retaliation with false write-ups for redress of grievances in violation of the First, Eighth, and Fourteenth Amendments. *Id.* at 3. The violation occurred when prison officials denied Plaintiff's staff complaint and right to file grievances. *Id.* Plaintiff alleges that J. Kavanaugh, Lieutenant; P. Quinn, Associate Warden; Sgt. Tweedy; Heidi M. Lackner, (A); and D. Foston, Inmate Appeals Chief are being sued for approving their lower designee's misconduct. *Id.*

Plaintiff seeks that staff complaints are more specific in their investigations; that the criteria change for officers to be removed from the institution and placed on special training or fired; cease and desist harassment and retaliation; and $75,000 in punitive damages and destruction of Plaintiff's property. *Id.*

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. First Amendment Retaliation and Linkage

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). The adverse action need not be an independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action . . ." *Brodheim*, 584 F.3d at 1270. Plaintiff must allege a causal connection between the adverse action and the protected conduct. *Watison v. Carter*, 668

1   F.3d 1108, 1114 (9th Cir. 2012).

2   Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff fails to link a named defendant to his allegations of retaliation. Plaintiff made vague allegations regarding continuous cell searches, arbitrary confiscation and destruction of Plaintiff's personal property, harassment, retaliation with false write-ups for redress of grievances, denial of Plaintiff's staff complaint and right to file grievances, but he failed to link a named defendant pursuant to *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934. Plaintiff fails to address each element of a claim for retaliation. The complaint lacks specific factual allegations connecting each individual defendant to the conduct described. The allegations do not make clear what role each defendant played in the process and how each caused or failed to correct the alleged harm and how they had the capacity to correct it. Plaintiff's conclusory allegations as to Wattle and Lacey are insufficient to state a claim. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon First Amendment retaliation.

### B. Eighth Amendment Conditions of Confinement

Plaintiff alleges cruel and unusual punishment in the form of continuous cell searches, arbitrary confiscation and destruction of Plaintiff's personal property, harassment, retaliation with false write-ups for redress of grievances in violation of the Eighth Amendment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

1  But this is not a mandate for comfortable prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
2  Indeed, prison conditions may be both restrictive and harsh without violating the Constitution.
3  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Within this construct, however, prison officials must
4  provide food, clothing, shelter, sanitation, medical care, and personal safety. *Toussaint v. McCarthy*,
5  801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment when these
6  two components are met: (1) the deprivation alleged must be objectively sufficiently serious; and (2)
7  the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing
8  *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). In determining whether a deprivation of a basic
9  necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim,
10 courts consider the circumstances, nature, and duration of the deprivation. The more basic the need,
11 the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).
12 Substantial deprivations of shelter, food, drinking water, or sanitation over an extended time are
13 sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *Id.* at 732-33.

14       Plaintiff makes no allegations that he was denied food, clothing, shelter, sanitation, medical
15 care, and personal safety. *Toussaint*, 801 F.2d at 1107. The complaint lacks specific factual
16 allegations connecting each individual defendant to the conduct described. The allegations do not
17 make clear what role each defendant played in the process and how each caused or failed to correct
18 the alleged harm and how they had the capacity to correct it. Plaintiff's conclusory allegations as to
19 Wattle and Lacey are insufficient to state a claim. Further, Plaintiff's vague allegations do not rise
20 to the level of inhumane conditions of confinement. *Morgan*, 465 F.3d at 1045. Accordingly, the
21 Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon Eighth
22 Amendment conditions of confinement.

### C. Fourth Amendment Unreasonable Searches

24       The Fourth Amendment prohibits only unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520,
25 558 (1979); *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), *cert.*
26 *denied*, 131 S. Ct. 2964 (2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). The
27 reasonableness of the search is determined by the context, which requires a balancing of the need
28 for the particular search against the invasion of personal rights the search entails. *Bell*, 441 U.S. at

558-59; *Byrd*, 629 F.3d at 1141; *Bull v. City and Cnty. of San Francisco*, 595 F.3d 964, 974-75 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010); *Michenfelder*, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell*, 441 U.S. at 559; *Byrd*, 629 F.3d at 1141; *Bull*, 595 F.3d at 972; *Nunez*, 591 F.3d at 1227; *Michenfelder*, 860 F.2d at 332.

Plaintiff's vague allegations fail to state a claim for unreasonable searches. The complaint lacks specific factual allegations connecting each individual defendant to the conduct described. The allegations do not make clear what role each defendant played in the process and how each caused or failed to correct the alleged harm and how they had the capacity to correct it. Plaintiff's conclusory allegations as to Wattle and Lacey are insufficient to state a claim. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon Fourth Amendment unreasonable searches.

### D. Fourteenth Amendment Due Process Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).

However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Only an authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson*, 468 U.S. at 533. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *See Logan*, 455 U.S. at 436; *see also Knudson*

*v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. *Id.*

Plaintiff appears to vaguely allege that defendants illegally destroyed his property. Plaintiff's allegations of wrongful, retaliatory confiscation of his personal property does not support a claim. Unauthorized, bad-faith behavior does not support a federal due process claim. *Hudson*, 468 U.S. at 533.

Plaintiff fails to state a § 1983 claim for deprivation of his property. Plaintiff appears to allege an unauthorized intentional deprivation of his property by a state employee. This is not a violation of the Due Process Clause of the Fourteenth Amendment because California provides a meaningful post-deprivation remedy for the loss. *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-17.

**E. Supervisory Liability**

Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor*, 880 F.2d at 1045; *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II*, 479 F.3d at 1182; *Harris*, 126 F.3d at 1204.

Plaintiff names defendants J. Kavanaugh, Lieutenant; P. Quinn, Associate Warden; Sgt. Tweedy; Heidi M. Lackner, (A); and D. Foston, Inmate Appeals Chief. Plaintiff alleges they are being sued for approving their lower designee's misconduct. Plaintiff's allegations are insufficient to hold defendants liable based on a position of authority as Plaintiff has not alleged any facts linking the defendants to acts or omissions, which suggest that the defendants participated or directed the

violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against defendants J. Kavanaugh, Lieutenant; P. Quinn, Associate Warden; Sgt. Tweedy; Heidi M. Lackner, (A); and D. Foston, Inmate Appeals Chief, based upon supervisory liability.

### F. Inmate Appeals and Defendants Related to Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495.

Plaintiff seeks to impose liability under the Fourteenth Amendment on individuals related to the inmate appeals process including Heidi M. Lackner, (A) and D. Foston, Inmate Appeals Chief. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals, defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Nevertheless, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett v. Penner*, 439

F.3d 1091, 1098 (9th Cir. 2006).

Plaintiff's complaint is devoid of factual allegations. Thus, the Court cannot decipher whether the defendants involved in the appeal process willfully turned a "blind eye" to constitutional violations. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process and individuals related to the inmate appeals process.

### G. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

//

//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 6, 2012

UNITED STATES MAGISTRATE JUDGE